UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKVILLE AMBULATORY SURGERY, LP,<br><br>    Plaintiff,<br><br>        v.<br><br>SCOTT OLIPHANT,<br><br>    Defendant. | Civil Action No. 12-397 (JEB) |

## ORDER

Plaintiff filed this action under the Employee Retirement Income Security Act on March 13, 2012. It named Scott Oliphant as the Defendant because it believed he was the plan administrator of The American Chemical Society Welfare Benefit Plan. See Compl. at 1. After obtaining discovery that demonstrated that Oliphant is not in fact the plan administrator – and thus not the proper defendant – Plaintiff moved to dismiss the action with prejudice. Defendant objected, arguing that refiling against the proper administrator would result in increased litigation expenses. The Court will grant the Motion.

Federal Rule of Civil Procedure 41(a) permits voluntary dismissal by the plaintiff only with court approval at this stage of the case. Given that Plaintiff desires to dismiss the matter with prejudice, the Court inquired of Defendant at the status hearing on November 5, 2012, what basis the Court had to refuse. Defendant sought an opportunity to contest the Motion, and the Court asked for authority regarding with-prejudice dismissals. In his Opposition, Defendant cites two cases, but both of these Fourth Circuit decisions concern without-prejudice dismissals, and the first ruling actually favored the plaintiff. See Davis v. USX Corp., 819 F.2d 1270 (4th

1

Cir. 1987) (reversing district court for denying plaintiff's motion for voluntary dismissal without prejudice); Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971) (affirming district court's denial of plaintiff's voluntary dismissal without prejudice).  He has thus offered nothing that supports his argument.

      Even if the Court did, in certain circumstances, have the authority to reject with-prejudice dismissal requests, it would not exercise such power here.  As Plaintiff correctly points out, Defendant's arguments hardly seem those of Oliphant himself, but rather appear to be on behalf of American Chemical Society.  How Oliphant himself could be prejudiced by dismissal here is never stated.

      The Court, therefore, ORDERS that:

1. The Motion is GRANTED; and
2. The case is DISMISSED WITH PREJUDICE.

**SO ORDERED**.

                                          /s/ *James E. Boasberg*
                                          JAMES E. BOASBERG
                                          United States District Judge

Date:  Nov. 27, 2012